UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARVAL KRISHNA,

        Plaintiff,                      No. 14-12682

v.                                     District Judge Paul D. Borman
                                        Magistrate Judge R. Steven Whalen

HINDUSTAN MOTORS LIMITED,

        Defendant.

                                    /

## REPORT AND RECOMMENDATION

On October 2, 2014, Plaintiff Arval Krisha ("Krishna") obtained a default judgment against Defendant Hindustan Motors Limited ("Hindustan") in the amount of $85,868.74 [Doc. #8]. On January 26, 2015, the Court authorized Krishna to issue a subpoena for a creditor's examination of Robert Lewis, a Director of Hindustan, and ordered Mr. Lewis to appear "at a date and time of the plaintiff's choice" to give sworn testimony concerning the income and property of Hindustan [Doc. #10]. Before the Court at this time is Krishna's Motion for Spoliation Sanctions and to Compel Attendance at Debtor Examination [Doc. #11], which, as a post-judgment matter, has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). I recommend that the request to compel Mr. Lewis to attend a creditor's (or debtor's) examination be GRANTED, and that the request for spoliation sanctions be DENIED WITHOUT PREJUDICE.

## I.    FACTS

Krishna states in his motion that although Mr. Lewis was served with a subpoena directing his attendance at a creditor's examination and the production of documents, Mr.

Lewis did not appear. Instead, he sent Krishna's counsel an email stating that he "felt there was no need to keep all the records Arval [Krishna] sent me in my office as it did not pertain to my business and discarded the entire file."[1] In the email, Mr. Lewis also said that Krishna had sent him copies of some incomplete tax returns and other information. It is unclear whether he was referring to Hindustan tax returns or Krishna's tax returns. Mr. Lewis further stated:

> "All the documents I had, the originals are still with Arval as he is the one that sent to me the documents. You can get them from him. There was no new or extra correspondence developed by me other than passing his documents to Hindustan Motors Ltd with a request to look into the matter"

Krishna has not provided the Court with a copy of the subpoena or a description of the specific documents that Mr. Lewis was requested to produce.

## II. DISCUSSION

As a preliminary matter, whatever the nature or status of the documents, Mr. Lewis is required to appear for examination under oath, as he was directed to do in the Court's previous order.

Krishna's request for spoliation sanctions is more problematic. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd.*, 2009 WL 998402, at * 1 (E.D. Mich. 2009)(quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir.1999)). Federal law governs the rules that apply to, and the range of sanctions a federal court may impose for, the spoliation of evidence. *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir.2009). A party seeking spoliation sanctions has the burden of proving that the spoliating party (1) had

---

[1] Krishna has reproduced Mr. Lewis' February 23, 2015 email as Exhibit C to his motion.

control over the evidence and an obligation to preserve it at the time of destruction or loss; (2) acted with a culpable state of mind [in] destroying or losing the evidence; and that (3) the missing evidence is relevant to the innocent party's claim or defense. *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 685 F.Supp.2d 456, 467 (S.D.N.Y. 2010)(citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)).

First, by definition spoliated evidence is evidence that is no longer available as the result of its destruction. Mr. Lewis informed Krishna's counsel that all he ever had were copies of documents that Krishna had sent him, and that Krishna had the originals. In other words, Krishna, not Lewis has control of the evidence. If this is true–and Krishna does not deny this in his motion–then the original documents have not been destroyed, unless Krishna disposed of them. Krishna has not indicated whether he still has the originals, or if not, what he did with them.

Secondly, Krishna has not provided the Court with a copy of the subpoena, and has not identified what documents he seeks, or what relevance they have. Krishna argues that Lewis' statement that he passed the documents on to other people at Hindustan suggests that there was correspondence between Lewis and Hindustan employees, and therefore the correspondence "would aid in Krishna's post-judgment discovery by providing names and contact information of other representatives at Hindustan." But Mr. Lewis is a Director of Hindustan. He can testify as to the names and contact information of other Hindustan representatives without reference to the documents that Krishna sent him. It would also seem that as a Director, Mr. Lewis would have access to corporate documents regarding Hindustan's assets, apart from anything that Krishna sent to him.

At this point, Krishna has not met his burden of showing that spoliation sanctions

are appropriate. At best, his request is premature. The request for sanctions should therefore be denied, but without prejudice to renewing the motion depending on what facts are developed at Mr. Lewis' creditor's examination.

### III.  CONCLUSION

For these reasons, I recommend that Krishna's Motion for Spoliation Sanctions and to Compel Attendance at Debtor Examination [Doc. #11] be GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE.

I recommend that the request for an order directing Robert Lewis to appear for a creditor's examination be GRANTED.

I further recommend that the request or spoliation sanctions be DENIED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                                  s/ R. Steven Whalen
                                                  R. STEVEN WHALEN
                                                  UNITED STATES MAGISTRATE JUDGE

Dated:  February 25, 2016


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 25, 2016, electronically and/or by U.S. mail.

                                                  s/Carolyn M. Ciesla
                                                  Case Manager to the
                                                  Honorable R. Steven Whalen